IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILLIP ALAN ADAMS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-534-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Phillip Alan Adams, TDCJ # 907082, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in New Boston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Adams is serving a life sentence for his 2000 conviction for capital murder in case no. 10947

in the 29th Judicial District Court of Palo Pinto County, Texas. (Clerk's R., vol. 1, at 523.) Adams pursued direct review of his conviction, culminating with the United States Supreme Court's denial of certiorari on May 5, 2003. (Pet'r Reply, Exhibit D.) *Adams v. Texas*, 538 U.S. 1020 (2003). Adams also pursued state postconviction habeas relief to no avail. His state application for writ of habeas corpus, filed on April 30, 2004, was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on August 22, 2007. *Ex parte Adams*, Application No. 61,704-01, at cover. Adams filed this federal petition for writ of habeas corpus on August 30, 2007.[1] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Adams has filed a reply.

D. ISSUES

Adams raises fifty-one grounds for relief. (Petition at 7-8 & Supp. pgs 1-19.)

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Adams's concedes that his conviction became final and the one-year limitations period began to run on May 5, 2003, the date certiorari was denied by the Supreme Court. (Pet'r Reply at 6.) *See Id.* § 2244(d)(1)(A); *Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007); *Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir.), *cert. denied*, 537 U.S. 1072 (2002). Thus, Adams had until May 5, 2004, within which to file a timely federal petition, absent any tolling.

Adams filed his state application for habeas relief on April 30, 2004, five days before expiration of the federal limitations period.[2] He is entitled to statutory tolling under § 2244(d)(2)

---

[2]There appears to be a discrepancy regarding the date Adams's state habeas application was actually filed in the Palo Pinto district court. The cover letter reflects the letter and enclosures were filed at 2:30 p.m. on April 30, 2004, by "Renda Smith Deputy." The application, on its face, reflects it was filed at 12:45 p.m. on May 3, 2004. Because the recommended disposition is unaffected, the discrepancy is resolved in Adams's favor. If, however, the district judge does not adopt these findings, reconsideration of this matter may be necessary.

for 1,209 days during the pendency of the state habeas proceedings,[3] making his federal petition due on or before August 27, 2007.

Adams has not demonstrated that he is entitled to additional tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In order for equitable tolling to apply, the petitioner must diligently pursue habeas relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Adams has not alleged that he was actively misled about the filing of his federal habeas petition nor has he asserted extraordinary circumstances that prevented him from complying with the federal limitations period. Adams claims that it would have been impossible for him to timely file his federal petition because he did not receive notice from the Texas Court of Criminal Appeals of its denial until after the limitations period had already expired on August 30, 2007, when it was hand-delivered to him by prison staff. (Pet'r Reply at 9.) The state's delay of eight days in notifying Adams of the denial of his state habeas application, in combination with Adams waiting until only five days remained in the limitations period to file his state habeas application, does not constitute a rate and exceptional circumstance warranting

---

[3]The case information does not reflect that a motion for rehearing was filed by Adams in the Texas Court of Criminal Appeals following denial of his state habeas application on August 22, 2007, that would entitle him to additional tolling under § 2244(d)(2). (*See* state court's case information *available at* http://www.cca.courts.state.tx.)

4

equitable tolling. *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999); *Moore v. Dretke*, 186 Fed. Appx. 536, 539, 2006 WL 1793589, at *2 (5th Cir. 2006) (not reported in the Federal Reporter); *Kangas v. Dretke*, 100 Fed. Appx. 977, 977, 2004 WL 1368924, at *1 (5th Cir. 2004) (not reported in the Federal Reporter); *Nelms v. Johnson*, 51 Fed. Appx. 482, 2002 WL 31319277, at *1 (5th Cir. 2002) (not reported in the Federal Reporter), *cert. denied*, 538 U.S. 1038 (2003).

Adams's federal petition was due on or before August 27, 2007. His petition, filed on August 30, 2007, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Adams's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 13, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 13, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January  23 , 2008.

                                      /s/ Charles Bleil
                                      CHARLES BLEIL
                                      UNITED STATES MAGISTRATE JUDGE