

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PHILLIP ALAN ADAMS, §
 §
 Petitioner, §
 §
VS. § NO. 4:07-CV-534-A
 §
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
 §
 Respondent. §

## O R D E R

Came on for consideration the above-captioned action wherein Phillip Alan Adams ("Adams") is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On January 23, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that Adams file objections, if any thereto, by February 13, 2008. Adams timely filed his objections, and respondent filed a response to Adams's objections on March 17, 2008.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or

conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Adams's petition be dismissed with prejudice as time-barred under the one-year limitations period of 28 U.S.C. § 2244(d). In this action, the one-year period began to run May 5, 2003.[1] The running of the one-year period was statutorily tolled, pursuant to 28 U.S.C. § 2244(d)(2), during the pendency of Adams's state habeas application. Adams filed his state habeas application on April 30, 2004,[2] five days before the expiration of the one-year federal limitations period.

The Texas Court of Criminal Appeals denied Adams's state habeas application on August 22, 2007. Thus the one-year federal limitations period was tolled for 1,209 days. Adams had five days from August 22, 2007, or until August 27, 2007, to timely file his § 2254 petition. The Texas Court of Criminal Appeals mailed Adams notice of its denial of his petition on August 27, 2007. Adams received the notice on August 30, 2007, and filed his § 2254 petition on that same date.[3]

While Adam's filed his § 2254 petition three days after the limitations period had expired, he claims that he is entitled to

---

[1] This is the date that the Supreme Court of the United States denied certiorari on Adams's direct appeal.

[2] As the Magistrate Judge explains, this date resolves a discrepancy in Adam's favor, but does not affect the outcome of the action. The cover letter for Adams's state habeas application indicates it was filed on April 30, 2004, but the application itself reflects that it was not filed until May 3, 2004.

[3] This is the date Adams delivered his § 2254 petition to the prison mailing system. See Spotville v. Cain, 149 F.3d 374, 377-78 (5th Cir. 1998).

equitable tolling. Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). In order for equitable tolling to apply, the petitioner must diligently pursue relief under § 2254. Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quitable tolling 'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights,' and . . . 'excusable neglect' does not support equitable tolling." Ott v. Johnson, 192 F.3d 510, 513-14 (5th Cir. 1999) (quoting Coleman, 184 F.3d at 402). The mere fact that Adams missed the mark by only a few days does not, in and of itself, entitle him to equitable tolling. See, e.g., Lookingbill v. Cockrell, 293 F.3d 256, 264-65 (5th Cir. 2002).

The Magistrate Judge takes the position that "[t]he state's delay of eight days in notifying Adams of the denial of his state habeas application, in combination with Adams waiting until only five days remained in the limitations period to file his state habeas application, does not constitute a [rare] and exceptional circumstance warranting equitable tolling." Findings at 4. In support of this conclusion, the Magistrate Judge cites Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999).

In Ott, the district court declined to apply equitable tolling when the petitioner, represented by counsel, filed his federal habeas petition on the first business day after receiving

3

notice of the denial of the petitioner's state habeas application. Though the petitioner argued that Texas created an impediment to the timely filing of his petition by its notification of habeas denial through mailed postcards, the United States Court of Appeals for the Fifth Circuit affirmed the trial court's decision not to apply equitable tolling. Id. at 514. In finding that the case did not present rare and exceptional circumstances as would warrant equitable tolling, the Fifth Circuit underscored that:

> [T]he state habeas application was not filed until one day before the expiration of the AEDPA's one-year grace period, an action that necessarily mandated a swift filing of the federal habeas application following the denial of the state petition. This was a matter totally within the control of [the petitioner]. The state application readily could have been filed a few days earlier, allowing an adequate period for the filing of the federal petition after final denial of the state application.

Id.

The facts presented in the instant action are analogous to those in Ott.[4] Adams filed his state habeas application only five days before the expiration of the one-year federal limitations period. This was an action that necessarily mandated a swift filing of the federal habeas application. The court further concludes, despite Adams's objection, that this was a

---

[4]The court rejects Adams's assertion that Phillips v. Donnelly, 216 F.3d 508 (5th Cir. 2000), applies because the factual scenario presented in the instant action is more similar to that in Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999). In Phillips, the purported delay between denial of the state habeas application and the petitioner's notification thereof was almost four months, but the petitioner had filed his state habeas application such that he gave himself seventy-nine days between the denial of his state habeas application and the expiration of the federal limitations period. See Phillips, 216 F.3d at 510-11.

4

matter totally within the control of Adams. In his objections, Adams states that "his trial records and other legal material had been illegally confiscated by prison officials . . . [with Adams obtaining] assistance from an attorney for the return of his legal materials and records." Objs. at 8. The court is satisfied, however, based on the evidentiary materials submitted along with respondent's response to such objection, that Adams's conclusory allegations on this critical issue are unsupported and unsupportable by anything else contained in the record.[5] See Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983); Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982). Adams has failed to show that he is entitled to equitable tolling. See Coleman, 184 F.3d at 403; Ott, 192 F.3d at 513-14.

Therefore,

The court accepts the findings, conclusions, and recommendation of the Magistrate Judge and ORDERS that Adams's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice.

---

[5] Respondent explains that Adams was found guilty in a prison disciplinary hearing of possession of contraband, which was legal materials belonging to twenty-four other inmates. The officer conducting the search wherein the contraband was discovered scanned the documents for the rightful owners' names, and took only those which did not belong to Adams. Nothing in the record suggests that any of Adams's materials were actually confiscated, but assuming, arguendo, that they were, the court agrees with respondent that if any of Adams's legal materials had been confiscated, it was Adams's violation of the applicable disciplinary rules--possession of contraband--that would have led to the confiscation. Nothing in the record suggests that Adams has been actively misled or was prevented in some extraordinary way from asserting his rights. See Ott v. Johnson, 192 F.3d 510, 513-14 (5th Cir. 1999) (describing those two scenarios as the principal ones where equitable tolling would apply).

The court further ORDERS that all motions not previously ruled upon in the above-captioned action be, and are hereby, denied.

SIGNED March 20, 2008.

_____
JOHN McBRYDE
United States District Judge